OPINION OF THE COURT
Angelo Graci, J.
In this proceeding commenced by the service of an order to show cause, petitioner seeks court authorization to administer antipsychotic medication to respondent over her objection. Respondent cross-moves to dismiss the petition on the ground *1073 that the court lacks jurisdiction over the subject matter of the proceeding.
Pursuant to a judicial order respondent is being retained as an involuntary patient at Hillside Hospital, a division of Long Island Jewish Medical Center (hereinafter Hospital). Respondent’s treating physicians at the Hospital, who have diagnosed her as mentally ill, are of the opinion that the administration of certain antipsychotic medication would be in the patient’s best interests despite her objections. After further review, petitioner, the clinical director at the Hospital, agreed and thus commenced the instant proceeding in accordance with 14 NYCRR 527.8 (c) (4) (ii).
Respondent contends that the court lacks jurisdiction over the proceeding because petitioner failed to comply with required administrative procedures prior to commencing the proceeding. Specifically, respondent asserts that petitioner failed to afford her an opportunity to have counsel represent her at a certain juncture of the Hospital’s reviewing process as required by the Mental Hygiene Law and due process. Proper compliance with the procedures outlined in the Mental Hygiene Law is a condition precedent to a petition for the administration of antipsychotic medication against a patient’s will. (14 NYCRR 527.8 [c] [4] [ii].) Petitioner admits that respondent was not given a right to be represented by counsel at the level of review complained of, but argues that such right was not required to be afforded.
14 NYCRR 527.8 (c) (4) (ii) sets forth the procedures which must be followed prior to seeking court authorization to medicate a patient over their objection. First, the patient’s treating physician must make a determination that the proposed treatment is in the patient’s best interests and that the patient lacks the capacity to make a reasoned decision concerning the treatment. (14 NYCRR 527.8 [c] [4] [ii] [a].) Once this evaluation is made, he informs the clinical director of his determination and requests further review. He is also required to notify the Mental Hygiene Legal Service (hereinafter MHLS) and any other representative of the patient of his request and determination. (14 NYCRR 527.8 [c] [4] [ii] [a].) The clinical director then appoints a designee to be a reviewing physician or, as in this case, may conduct the review himself. (14 NYCRR 527.8 [c] [4] [ii] [b] [1].) The reviewing physician personally examines the patient and reviews his or her records. It is at this review which respondent contends she had a right to be represented by counsel. Finally, the clinical *1074 director conducts a final review and determines whether to seek a court order. (14 NYCRR 527.8 [c] [4] [ii] [b] [3].)
Petitioner contends that respondent is only entitled to be represented by counsel at the final level of review and not at the initial review by the clinical director or his designee. Respondent asserts that where, as in this case, the clinical director performs both the initial and final review, the right to be represented by counsel only at the final review would be meaningless in that the clinical director in such a situation is simply reviewing his own determination and has already at that stage predetermined whether to seek a court order.
In Rivers v Katz (67 NY2d 485), the Court of Appeals firmly established that the due process rights of a mentally ill patient must be fully honored prior to the administration of medication over their objection. This requirement is applicable to the administrative review process. (Rivers v Katz, supra, at 498-499.) Furthermore, in an analogous situation, the Appellate Division, Second Department, held that involuntary patients have a right to have counsel present at psychiatric examinations which are performed by the hospital for the purpose of preparing for legal proceedings which will be conducted to determine if the patient’s involuntary commitment at the hospital should be continued. (Ughetto v Acrish, 130 AD2d 12.) The court reasoned that since the examinations were conducted solely for the purpose of preparing for the judicial hearing and not for the purpose of treatment, there was no sound reason for denying the patient the right to have counsel present at the examination. (Ughetto v Acrish, supra, at 23.) They found that both the comprehensive statutory provisions in the Mental Hygiene Law and due process required that the patient be afforded the right to be represented by counsel. (Ughetto v Acrish, supra, at 24.)
This court finds that the same reasoning applies to the instant case. 14 NYCRR 527.8 (c) (4) (ii) (a) requires the treating physician to notify MHLS, which provides legal services to patients, of his request for a review by the clinical director or his designee prior to such review. This notice requirement would be rendered meaningless if the patient was not entitled to then have a member of MHLS present to represent her at the review. Furthermore, as in Ughetto (supra), the review and examination which occurs pursuant to the treating physician’s request is conducted solely with an eye towards obtaining a court order and not for the purpose of *1075 treatment. Petitioner has set forth no reason for not allowing respondent to have counsel represent her at the initial review.
The court concludes that due process and the Mental Hygiene Law require that an involuntary patient be afforded the right to be represented by counsel at the initial review pursuant to 14 NYCRR 527.8 (c) (4) (ii) (b) (1) whether such review is conducted by the clinical director himself or by his designee. Such right exists only to the extent that counsel may be present to observe the review and elicit responses from the patient which may be relevant to subsequent legal proceedings. Since petitioner failed to properly comply with all administrative review procedures prior to commencing this proceeding, the petition must be dismissed.
Accordingly, the cross motion to dismiss the proceeding is granted and the petition is dismissed without prejudice to renewal after completion of the administrative review held in accordance with the procedures outlined herein.