[728 NYS2d 10]

In the Matter of Bronx Psychiatric Center, Appellant. Anonymous, Respondent.

First Department, June 21, 2001

## APPEARANCES OF COUNSEL

*Edward J. Curtis, Jr.,* of counsel (*Michael S. Belohlavek* on the brief; *Eliot Spitzer, Attorney General* of State of New York, attorney), for appellant.

*Karen Gomes Andreasian* of counsel (*Marvin Bernstein,* Director, *Mental Hygiene Legal Service,* attorney), for respondent.

## OPINION OF THE COURT

BUCKLEY, J.

On August 2, 2000, respondent was transferred from Bronx Lebanon Hospital to Bronx Psychiatric Center since she was suffering from a worsening psychosis and was noncompliant with treatment. Her treating physician, Dr. Mathai, thereafter recommended that she be treated with an anti-psychotic medication to decrease delusional and bizarre behavior and improve her ability to care for herself. She objected to such treatment. Finding that she was likely to be dangerous to herself and others and that her capacity to make a reasoned decision was impaired, the treating physician by notice dated November 10th informed respondent's counsel, Mental Hygiene Legal Services (MHLS), and the Clinical Director at Bronx Psychiatric Center that treatment was in her best interest and that further evaluation was needed.

Another physician, Dr. Ali, was assigned to review Dr. Mathai's conclusion. Dr. Ali evaluated respondent and entirely agreed with the treating physician. The written evaluations of both Dr. Mathai and Dr. Ali were each dated November 14th. By letter dated November 15th, the Clinical Director informed respondent's counsel that based on the written evaluations of the two physicians, dated the day before, he was applying for court authorization of treatment. Respondent's counsel received the November 10th letter of the treating physician on November 17th.

This proceeding was commenced to compel treatment of respondent over her objection and was dismissed by the IAS court on the ground that petitioner had failed to exhaust administrative remedies since respondent's counsel had not been provided with timely notice of the treating physician's determination and, thus, had not been able to be present at the evaluation done by Dr. Ali.

Appellant admits that respondent was not afforded her right to be represented by counsel as a result of the tardy notice to

MHLS but argues that respondent is only entitled to counsel at a court proceeding to determine whether she has the capacity to make a reasoned decision to refuse treatment (*see generally* 14 NYCRR 527.8; *Rivers v Katz*, 67 NY2d 485).

Prior to *Rivers v Katz* (*supra*), the Department of Mental Hygiene's existing policy regarding the care, treatment and right to object was found in 14 NYCRR 27.8. Under that regulation, an involuntary patient could be treated over her objection only upon a review by the head of the service. His decision was to be communicated to the patient, her representative, if any, and to the Mental Health Information Service (MHIS) which was MHLS's predecessor. If the patient continued to object, she, her representative or MHIS could appeal the decision to the facility director, at which time the patient had the right to request that she be represented by legal counsel "or other concerned person." (14 NYCRR 27.8 [d].) The facility director was to communicate the decision to the patient. If the facility was operated by the New York State Department of Mental Hygiene (now Office of Mental Health [OMH]), the patient could appeal the facility director's decision to the Commissioner of OMH within five days after notification of such decision. However, the determination of the OMH Commissioner, who was not required to be a physician, was final and not subject to judicial review.

In *Rivers v Katz* (*supra*), the Court of Appeals decided that before an involuntary patient could be treated over her objection, there must be a judicial determination as to whether, by clear and convincing evidence, the patient has the capacity to make a reasoned decision. It was also held that the determination should be made at a hearing following exhaustion of the administrative review procedures provided for in 14 NYCRR 27.8, that the hearing be de novo and that the patient be afforded representation by counsel. At the same time, however, 14 NYCRR 27.8 was found to be inadequate insofar as it did not articulate the standards to be followed or the criteria to be considered at each stage of the administrative process.

14 NYCRR 527.8 was promulgated in response to *Rivers v Katz* (*supra*), setting forth the procedures which must be followed prior to seeking court authorization. First, the patient's treating physician must make a determination that the proposed treatment is in the patient's best interests and that the patient lacks the capacity to make a reasoned decision concerning the treatment. Once this evaluation is made, he or she informs the Clinical Director of his determination and

requests further review. He or she is also required to notify MHLS and any other representative of the patient of his request and determination. The Clinical Director then conducts the review or, as in the instant case, may appoint a designee to be a reviewing physician. The reviewing physician personally examines the patient and reviews his or her records. Finally, the Clinical Director conducts a final review and determines whether to seek a court order.

Once the treating physician has determined that treatment is in the best interests of a patient despite objection, he or she is required to notify MHLS and any other representative of the patient of such determination and his request of the Clinical Director for further, i.e., confirmatory, evaluation by another physician (14 NYCRR 527.8 [c] [4] [ii] [a]). Such notification would be rendered meaningless were appellant's position adopted. There would be no point to notifying patient's counsel that the patient would be evaluated while delaying receipt of the notice until after the evaluation was completed. The regulation obviously contemplates that counsel will be provided with timely notification so that the patient can receive the benefit of counsel when such further evaluation is to be conducted. Delayed receipt of notification deprives a patient of the right to counsel which is so clearly provided by law and which petitioner is bound to respect.

Petitioner has strenuously argued that the sole purpose of the regulatory scheme is to deliver critically important psychiatric services swiftly. This is only half true. Another purpose must also be served, as reflected in the notification regulation, namely respecting the autonomy of the patient for which, presumably, counsel is made available as a matter of constitutional, statutory and regulatory laws (*Ughetto v Acrish*, 130 AD2d 12, *appeal dismissed* 70 NY2d 871; Mental Hygiene Law § 33.02; 14 NYCRR 527.5 [b]; *Matter of Lesser v Carmela M.*, 146 Misc 2d 1072, *appeal dismissed* 177 AD2d 489).

Notification to a patient's attorney can only be meaningful when the counsel would be in a position to act on behalf of the patient. No reason was provided to explain why the notification was tardy in this case. And no reason was tendered to suggest why all such notifications could not be timely delivered. Particularly where counsel is provided for an allegedly incompetent patient, timely notification would be important as a matter of common sense. As the IAS court correctly held, timely notification is also important as a matter of regulatory law and the failure to provide such notice prior to Dr. Ali's

review of Dr. Mathai's conclusion was properly considered a failure by petitioner to exhaust administrative remedies.

Accordingly, the order of the Supreme Court, Bronx County (Janice Bowman, J.), entered on or about December 7, 2000, which granted respondent's motion to dismiss petitioner psychiatric hospital's application to medicate respondent over her objection, without prejudice, should be affirmed, without costs.

Motion seeking leave to proceed anonymously granted.

NARDELLI, J. P., TOM, ELLERIN and MARLOW, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about December 7, 2000, affirmed, without costs. Motion seeking leave to proceed anonymously granted.