OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
*434 A proceeding under article 10 of the Mental Hygiene Law is currently pending before this court in the above-referenced matter. Counsel for the respondent from Mental Hygiene Legal Service filed a motion in limine to preclude testimony or other evidence involving statements made by the respondent to Dr. Vanessa Baker, a licensed psychologist, on May 2, 2007, on the ground that the examination was conducted in violation of the respondent’s statutory and constitutional right to counsel.
Respondent’s counsel refers to the cases of Ughetto v Acrish (130 AD2d 12 [2d Dept 1987]) and Matter of Bronx Psychiatric Ctr. (283 AD2d 73 [1st Dept 2001]) in support of his position that in examinations conducted in anticipation of Mental Hygiene Law article 10 proceedings, “which are conducted solely for the purpose of identifying persons against whom judicial proceedings will be initiated,” the respondent has a right to counsel. Respondent compares Mental Hygiene Law article 10 cases to article 9 cases where courts have held that an attorney’s presence at a prehearing examination was essential as a matter of constitutional due process to protect the individual’s right to a fair hearing.
Respondent’s counsel further asserts that since the respondent has been assessed as having borderline intellectual functioning, with an IQ in the range of 60 to 70, his functional limitations render him vulnerable to leading questioning by an examiner. Therefore, it is impossible to discern how many of the statements in Dr. Baker’s report were the result of her “leading questions or other unreliable questioning techniques” and counsel should have been present at the examination. Respondent submits a copy of Dr. Baker’s report highlighting the portions respondent seeks to be redacted.
Petitioner opposes the motion and refers to Mental Hygiene Law § 10.06 (c) which directs the court to assign counsel to the respondent at the time the Attorney General files the petition or as soon as the Attorney General requests an order requiring the respondent to submit to a psychiatric examination pursuant to Mental Hygiene Law § 10.06 (d). Petitioner further cites Mental Hygiene Law § 10.08 (g) which explicitly states that “the respondent shall not be entitled to appointment of counsel prior to the time provided in section 10.06 of this article.”
Petitioner asserts that as a result of his conviction for the felony crime of sexual abuse in the first degree, the respondent was identified as a possible detained sex offender. On or about April 27, 2007, the Department of Correctional Services person *435 ally served the respondent with notice pursuant to Mental Hygiene Law § 10.05 (e) that he had been referred to a case review team for evaluation and respondent was informed that the purpose of the referral was to determine if he requires civil management under article 10 of the Mental Hygiene Law. A copy of the memorandum sent to the respondent is annexed to petitioner’s opposition papers.
Dr. Baker conducted her examination of the respondent on May 2, 2007 wherein she reviewed numerous records that detailed the respondent’s criminal, psychiatric and social history. On or about May 10, 2007, the case review team notified the respondent of their determination that he is a sex offender requiring civil management and the resulting referral to the Attorney General. On May 10, 2007, the Attorney General of the State of New York commenced the instant proceeding pursuant to article 10 of the Mental Hygiene Law.
Petitioner argues that the cases cited by the respondent are inapplicable and that the Ughetto v Acrish (supra) case involved prehearing examinations which were not related to treatment but which were conducted solely for the purpose of preparing the examining psychiatrist for his testimony at the hearing. Petitioner asserts that the examination of the respondent by the psychiatrist was conducted to assist the case review team and was not conducted solely for the purpose of identifying a person against whom judicial proceedings will be initiated. Therefore, respondent was not entitled to an attorney pursuant to article 10 or the holdings in the cases cited by the respondent.
Respondent’s motion to preclude the testimony or evidence including statements made by the respondent to Dr. Baker is denied. The cases cited by the respondent are not persuasive. In article 9 proceedings, as in the Ughetto v Acrish (supra) case, an involuntarily committed mental patient undergoes a psychiatric examination solely for the purpose of preparing the examining psychiatrist for his or her testimony at the retention hearing.
However, in an article 10 proceeding, once the respondent is identified as a possible detained sex offender, he is referred to a case review team for evaluation. The case review team may then refer the respondent for a psychiatric evaluation to assist the case review team in determining whether or not the respondent requires civil management. After the psychiatrist’s examination, the case review team could determine that the respondent is not in need of civil management. Thus, respondent’s argument that the psychiatrist’s examination in an article 10 *436 proceeding is similar to that in an article 9 proceeding is without merit. The purpose of the examination in an article 10 proceeding is not to prepare the examining psychiatrist for testimony at the probable cause hearing but is used as an aid for the case review team to determine if the respondent requires civil management.
Moreover, article 10 clearly indicates when a respondent has a right to the appointment of counsel. Mental Hygiene Law § 10.08 (g) states,
“In preparing for or conducting any hearing or trial pursuant to the provisions of this article, and in preparing any petition under the provisions of this article, the respondent shall have the right to have counsel represent him or her, provided that the respondent shall not be entitled to appointment of counsel prior to the time provided in section 10.06 of this article.” (Emphasis added.)
Mental Hygiene Law § 10.06 (c) states,
“Promptly upon the filing of a sex offender civil management petition, or upon a request to the court by the attorney general for an order pursuant to subdivision (d) of this section that a respondent submit to an evaluation by a psychiatric examiner, whichever occurs earlier, the court shall appoint counsel in any case where the respondent is financially unable to obtain counsel.”
The statute is clear as to when the respondent is entitled to have counsel appointed. Since the psychiatric examination is not conducted for the purpose of identifying individuals against whom judicial proceedings will be initiated, this court finds that respondent was not entitled to have counsel present at the psychiatric examination. Accordingly, respondent’s motion is denied in its entirety.