◼ In the Matter of GLADSTONE R., Respondent. KATHLEEN IVERSON, Appellant. [843 NYS2d 404]—

In a proceeding for permission to administer a course of electroconvulsive therapy to a patient over the patient's objection, the petitioner, the acting executive director of the Creedmor Psychiatric Center, appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated June 9, 2006, which granted the motion of the respondent patient to dismiss the petition. The appeal brings up for review so much of an order of the same court dated December 21, 2006, as, upon reargument, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated June 9, 2006, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 21, 2006, made upon reargument; and it is further,

Ordered that the order dated December 21, 2006, is affirmed insofar as reviewed; without costs or disbursements.

Under the circumstances of this case, the petitioner failed to exhaust the review procedures of 14 NYCRR 527.8 (c) (4) (ii) prior to seeking court authorization to administer a course of electroconvulsive therapy to the respondent over the respondent's objection (see Rivers v Katz, 67 NY2d 485, 497 [1986]; Mental Hygiene Legal Serv. v Bennett, 297 AD2d 308, 310-311 [2002]).

Among other things, the cited regulation requires that prior to seeking court authorization for such treatment, there must be a three-step evaluation of the objecting patient's best interests and capacity before a judicial proceeding may be commenced. First, the patient's treating physician must evaluate whether the proposed treatment is in the patient's best interests and whether the patient has the capacity to make a reasoned decision concerning the treatment. If the treating physician makes a positive best interests determination and a negative capacity determination, the patient must be informed. If the patient continues to object, then the treating physician must forward his or her evaluation and findings to the facility's clinical director, with a request for further review. Among other entities, Mental Hygiene Legal Service also must be notified of the determination and request for further review (see 14 NYCRR 527.8 [c] [4] [ii] [a]; Matter of Bronx Psychiatric Ctr., 283 AD2d 73, 75-76 [2001]). Next, the clinical director must appoint a reviewing physician to make the same evaluation. The review-

ing physician may be the clinical director (*see* 14 NYCRR 527.8 [c] [4] [ii] [b] [1]). If the reviewing physician determines that treatment over objection is appropriate, the patient must be informed (*id.*). Finally, if the patient continues to object to the proposed treatment, the clinical director is to make a final best interests/capacity determination on behalf of the facility. Assuming the latter determination is in favor of the proposed treatment, it is only then that a proceeding may be commenced for court authorization to treat over objection (*see* 14 NYCRR 527.8 [c] [4] [ii] [b] [3]).

Here, the petitioner failed to comply with the required review procedures. For example, the record is bereft of any capacity determination by the treating physician. Moreover, the reviewing physician did not opine as to the respondent's best interests. Furthermore, the reviewing physician's opinion regarding the respondent's capacity does not conform to the definition of capacity in the applicable regulations (*see* 14 NYCRR 527.8 [a] [2]). In addition, there is no indication in the record that the facility's clinical director completed the final stage of the review process.

Accordingly, upon reargument, the Supreme Court correctly adhered to the original determination dismissing the proceeding. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.